IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOSEPH W. BLACKSTON, M.D., J.D.                                 PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:07-cv-123-WHB-LRA

WEXFORD HEALTH SOURCES, INC.                                    DEFENDANT

---

### DEFENDANT WEXFORD HEALTH SOURCES, INC.'S
### REPLY IN SUPPORT OF MOTION TO TAX COSTS [ECF No. 61]

---

**PLEASE TAKE NOTICE** that Defendant Wexford Health Sources, Inc. ("Wexford")

submits this reply in support of its motion to tax costs [ECF No. 61] pursuant to Rule 54(d) of the

Federal Rules of Civil Procedure and shows unto the Court the following:

1.      This Court entered a final judgment in this matter on September 10, 2008.

2.      Wexford timely filed a motion to tax costs and attached a bill of costs on October 1,

2008 [ECF No. 61].

3.      Plaintiff Joseph W. Blackston, M.D., J.D. ("Blackston") filed his response on

October 15, 2008 in opposition to Wexford's motion to tax costs [ECF No. 62].  In his response,

Blackston argues that Wexford's motion is untimely and excessive and should, therefore, be denied.

Blackston applies the wrong legal standard.  Accordingly, this Court should grant Wexford's motion

to tax costs.

4.      Uniform Local Rule 54.2 controls the time for filing a motion to tax costs.

Specifically, the Rule states:

**RULE 54.2 TAXATION OF COSTS**
**Bill of Costs.** In all civil actions in which costs are allowed, pursuant to 28 U.S.C. §
1920, in the final judgment as defined in Fed. R. Civ. P. 54(a), the prevailing party to
whom costs are awarded shall serve the bill of costs not later than <u>thirty days after
entry of judgment</u>. Except as provided herein, and unless the court directs
otherwise, a motion for review of or objecting to the taxation of costs shall be
subject to the requirements of Uniform Local Rule 7.2. Except as provided by
statute or rule, an appeal of the final judgment shall not affect the taxation of costs.

(underline emphasis added). Blackston asserts that Fed. R. Civ. P. 54(d)(2)(B)(i) controls.

Blackston's assertion is misplaced. Rule 54(d)(2) of the *Federal Rules of Civil Procedure* pertains only to

a motion for attorneys' fees. Wexford has filed no such motion here. Uniform Local Rule 54.2

provides that Wexford had thirty days from the date of final judgment to file its motion to tax costs.

See *Wise v. Kansas City Life Ins. Co.*, 433 F.Supp.2d 743, 754 (S.D. Miss. 2006); *Quarles v. Oxford Mun.*

*Separate School Dist.*, 868 F.2d 750, 758 (5th Cir. 1989) (holding that an award of costs could be

vacated upon failure to file bill of costs with district court within 30 days of entry of judgment as

required by local rule.)

5.      Wexford filed its motion to tax costs twenty-one days after final judgment—well

within the thirty day time period proscribed by Uniform Local Rule 54.2. Wexford timely filed its

motion.

6.      The costs identified in Wexford's motion to tax costs were all necessary expenses

incurred in defending and ultimately disposing of this matter. Blackston provides no legal precedent

supporting his allegation that Wexford's bill of costs is excessive. Accordingly, Wexford requests

that this Court award all costs set forth in its motion to tax costs.

WHEREFORE, PREMISES CONSIDERED, Defendant Wexford Health Sources, Inc.

respectfully moves that this Court enter an order awarding the reasonable costs incurred by Wexford

for this matter in the amount of $3,714.03, and any other relief deemed appropriate by this Court.

2

**RESPECTFULLY SUBMITTED** this the 17th day of October 2008.

**WEXFORD HEALTH SOURCES, INC.**

BY:    /s/ R. Jarrad Garner
              R. Jarrad Garner (MSB No. 99584)
              David W. Donnell (MSB No. 100731)
              **Adams and Reese, LLP**
              111 East Capitol Street, Suite 350 (39201)
              Post Office Box 24297
              Jackson, Mississippi 39225-4297
              Telephone: (601) 353-3234
              Facsimile:  (601) 355-9708

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

*Attorneys for the Plaintiff:*

      Louis H. Watson, Jr., Esq.
      Nick Norris, Esq.
      520 East Capitol Street
      Jackson, Mississippi 39201

**RESPECTFULLY SUBMITTED** this the 17th day of October 2008.

              /s/ R. Jarrad Garner
              R. Jarrad Garner

3